1  Jeffrey A. Kobulnick - Bar No. 228299
   Mark D. Brutzkus - Bar No. 128102
2  Michael A. Bernet - Bar No. 306657
   BRUTZKUS GUBNER
3  21650 Oxnard Street, Suite 500
   Woodland Hills, CA 91367
4  Telephone:  (818) 827-9000
   Facsimile:  (818) 827-9099
5  Email:      jkobulnick@bg.law
               mbrutzkus@bg.law
6              mbernet@bg.law

7  Attorneys for Plaintiff,
   BLUPRINT CLOTHING CORP.
8

9                 **UNITED STATES DISTRICT COURT**

                 **CENTRAL DISTRICT OF CALIFORNIA**
10

11 | BLUPRINT CLOTHING CORP., a | Case No.  2:21-cv-06727 |
   | California corporation, | |
12 | | **COMPLAINT FOR:** |
   |             Plaintiff, | |
13 |         v. | **COPYRIGHT INFRINGEMENT** |
14 | PS 121, INC., a California corporation | **Jury Trial Demanded** |
   | d/b/a "Jess & Jane"; and DOES 1 | |
15 | through 10, | |
16 |             Defendants | |
17
18
19
20
21
22
23
24
25
26
27
28

Plaintiff BLUPRINT CLOTHING CORP., a California corporation ("Plaintiff" or "Bluprint"), by and through this complaint against Defendants PS 121, INC., a California corporation doing business as "Jess & Jane" ("J&J"), and DOES 1 through 10, inclusive (each a "Defendant" and collectively with J&J, "Defendants"), alleges to the Court as follows:

## INTRODUCTION

1.     This is an action for copyright infringement.  Defendants have willfully infringed the copyrights to five two-dimensional textile designs owned by Plaintiff. Plaintiff is seeking recovery of its actual damages, plus disgorgement of Defendants' profits attributable to the infringements, or alternatively, in Plaintiff's election, statutory damages in the amount of $150,000 for each of the five designs that were willfully infringed by Defendants (i.e., $750,000 total), pursuant to 17 U.S.C. § 504. Plaintiff is also seeking recovery of its attorneys' fees and costs, pursuant to 17 U.S.C. § 505.

## JURISDICTION AND VENUE

2.     This Court has original jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a), because this action arises under the laws of the United States – namely, the Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq*.

3.     This Court has personal jurisdiction over Defendants in that they transact substantial business within the State of California.

4.     Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)(1) because Defendants have significant contacts within this judicial district.

5.     Venue is also proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the facts giving rise to the acts or omissions alleged herein took place within this judicial district.

6.     Venue is also proper in this judicial district pursuant to 28 U.S.C. § 1391(c) because Defendants are subject to personal jurisdiction in this judicial district.

**THE PARTIES**

7. Plaintiff, Bluprint, is a California corporation, having a place of business located at 6013 Randolph Street, Commerce, California 90040. Plaintiff designs, manufactures, and sells apparel products throughout the United States, including within this judicial district.

8. Defendant, J&J, is a California corporation, having a place of business at 13021 S. Main Street, Los Angeles, California 90061. J&J is a director competitor of Plaintiff, in that J&J also designs, manufactures, and sells apparel products throughout the United States, including within this judicial district.

9. Plaintiff is ignorant of the true names of capacities of the defendants sued herein as DOES 1 through 10, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will seek to amend this Complaint to allege such names and capacities as soon as they are ascertained. Plaintiff is informed and believes, and on that basis alleges, that each of the fictitiously-named defendants are in some manner responsible, liable and/or obligated to Plaintiff in connection with the acts alleged herein.

10. Plaintiff is informed and believes, and on that basis alleges, that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

**SUBJECT DESIGN 1**

11. Plaintiff is the owner of United States Copyright Registration number VA0002223937 for a certain two-dimensional textile design ("Subject Design 1"), which was registered on November 11, 2020.

12.    Plaintiff's copyright registration for Subject Design 1 is valid and subsisting and provides prima facie evidence of Plaintiff's ownership of, and exclusive right to reproduce, distribute, and prepare derivative works based upon, Subject Design 1, pursuant to 17 U.S.C. § 106.

13.    Prior to the acts complained of herein, Defendants had access to Plaintiff's Subject Design 1, by reason of Plaintiff providing its electronic design file for Subject Design 1 directly to J&J's predecessor-in-interest, "Trendy."   More specifically, Trendy used to be one of Plaintiff's authorized silk-screen vendors.   In the course of Plaintiff and Trendy's prior business relationship, Plaintiff provided its electronic design file for Subject Design 1 directly to Trendy for the purpose of printing Subject Design 1 onto certain garments that were authorized for sale by Plaintiff.   At no time, however, did Plaintiff ever permit Trendy, or any other person, to use Plaintiff's Subject Design 1 for any other purpose.   Nor did Plaintiff ever transfer, assign or otherwise convey any portion of Plaintiff's copyright in Subject Design 1, to Trendy or any other person.   Subsequently, upon information and belief, Trendy sold its business to J&J, along with its of archive of prints, including but not limited to the electronic design file for Subject Design 1.

14.    Following Defendants' access to Subject Design 1, Defendants infringed Plaintiff's copyright to Subject Design 1 by creating, advertising, distributing, offering for sale, and selling certain garments that bear a design that is substantially similar to Subject Design 1 ("Accused Product 1"), without Plaintiff's authorization, throughout the United States, including within this judicial district.

15.    Representative images of Plaintiff's Subject Design 1 and Defendants' Accused Product 1 are depicted below:

/ / /

/ / /

/ / /

/ / /

| Plaintiff's Subject Design 1 | Defendants' Accused Product 1 |
|---|---|
| Copyright Registration: VA0002223937 |  |

16.    Pursuant to 17 U.S.C. § 504(b), Plaintiff is entitled to recover from Defendants (1) Plaintiff's actual damages, and (2) any additional profits of Defendants that are attributable to Defendants' infringements of Subject Design 1.

17.    Plaintiff does not yet know the amounts of actual damages it has suffered, or the amounts of profits that Defendants have realized, which are attributable to Defendants' infringements of Subject Design 1, however, Plaintiff currently believes that such amounts are collectively no less than $150,000.

18.    Additionally, Plaintiff is informed and believes, and thereupon alleges that Defendants infringed Subject Design 1 after Plaintiff had registered the copyright to that design.  Accordingly, pursuant to 17 U.S.C. § 504(c), Plaintiff is entitled to seek statutory damages for Defendants' infringements of Subject Design 1 in lieu of an award of actual damages and profits.

19.    Furthermore, Plaintiff is informed and believes, and thereupon alleges, that Defendants infringed the copyright to Subject Design 1 with actual or constructive knowledge of Plaintiff's rights, such that the infringements were "willful" within the meaning of 17 U.S.C. § 504(c)(2), thereby entitling Plaintiff to

3009.023 / 2684583

seek an award of statutory damages in the sum of $150,000 for Defendants' infringements of Subject Design 1.

## SUBJECT DESIGN 2

20.    Plaintiff is the owner of United States Copyright Registration number VA0002165955 for a certain two-dimensional textile design ("Subject Design 2"), which was registered on July 19, 2019.

21.    Plaintiff's copyright registration for Subject Design 2 is valid and subsisting and provides prima facie evidence of Plaintiff's ownership of, and exclusive right to reproduce, distribute, and prepare derivative works based upon, Subject Design 2, pursuant to 17 U.S.C. § 106.

22.    Prior to the acts complained of herein, Defendants had access to Plaintiff's Subject Design 2, by reason of Plaintiff providing its electronic design file for Subject Design 2 directly to J&J's predecessor-in-interest, "Trendy."   More specifically, Trendy used to be one of Plaintiff's authorized silk-screen vendors.   In the course of Plaintiff and Trendy's prior business relationship, Plaintiff provided its electronic design file for Subject Design 2 directly to Trendy for the purpose of printing Subject Design 2 onto certain garments that were authorized for sale by Plaintiff.   At no time, however, did Plaintiff ever permit Trendy, or any other person, to use Plaintiff's Subject Design 2 for any other purpose.   Nor did Plaintiff ever transfer, assign or otherwise convey any portion of Plaintiff's copyright in Subject Design 2, to Trendy or any other person.   Subsequently, upon information and belief, Trendy sold its business to J&J, along with its of archive of prints, including but not limited to the electronic design file for Subject Design 2.

23.    Following Defendants' access to Subject Design 2, Defendants infringed Plaintiff's copyright to Subject Design 2 by creating, advertising, distributing, offering for sale, and selling certain garments that bear a design that is substantially similar to Subject Design 2 ("Accused Product 2"), without Plaintiff's authorization, throughout the United States, including within this judicial district.

24.     Representative images of Plaintiff's Subject Design 2 and Defendants' Accused Product 2 are depicted below:

| Plaintiff's Subject Design 2 | Defendants' Accused Product 2 |
|:---:|:---:|
| <br><br>Copyright Registration: VA0002165955 |  |

25.     Pursuant to 17 U.S.C. § 504(b), Plaintiff is entitled to recover from Defendants (1) Plaintiff's actual damages, and (2) any additional profits of Defendants that are attributable to Defendants' infringements of Subject Design 2.

26.     Plaintiff does not yet know the amounts of actual damages it has suffered, or the amounts of profits that Defendants have realized, which are attributable to Defendants' infringements of Subject Design 2, however, Plaintiff currently believes that such amounts are collectively no less than $150,000.

27.     Additionally, Plaintiff is informed and believes, and thereupon alleges that Defendants infringed Subject Design 2 *after* Plaintiff had registered the copyright to that design.  Accordingly, pursuant to 17 U.S.C. § 504(c), Plaintiff is entitled to seek statutory damages for Defendants' infringements of Subject Design 2 in lieu of an award of actual damages and profits.

28.     Furthermore, Plaintiff is informed and believes, and thereupon alleges,

3009.023 / 2684583

1   that Defendants infringed the copyright to Subject Design 2 with actual or
2   constructive knowledge of Plaintiff's rights, such that the infringements were
3   "willful" within the meaning of 17 U.S.C. § 504(c)(2), thereby entitling Plaintiff to
4   seek an award of statutory damages in the sum of $150,000 for Defendants'
5   infringements of Subject Design 2.

6                              **<u>SUBJECT DESIGN 3</u>**

7          29.    Plaintiff is the owner of United States Copyright Registration number
8   VA0002165954 for a certain two-dimensional textile design ("Subject Design 3"),
9   which was registered on July 19, 2019.

10         30.    Plaintiff's copyright registration for Subject Design 3 is valid and
11  subsisting and provides prima facie evidence of Plaintiff's ownership of, and
12  exclusive right to reproduce, distribute, and prepare derivative works based upon,
13  Subject Design 3, pursuant to 17 U.S.C. § 106.

14         31.    Prior to the acts complained of herein, Defendants had access to
15  Plaintiff's Subject Design 3, by reason of Plaintiff providing its electronic design file
16  for Subject Design 3 directly to J&J's predecessor-in-interest, "Trendy."   More
17  specifically, Trendy used to be one of Plaintiff's authorized silk-screen vendors.   In
18  the course of Plaintiff and Trendy's prior business relationship, Plaintiff provided its
19  electronic design file for Subject Design 3 directly to Trendy for the purpose of
20  printing Subject Design 3 onto certain garments that were authorized for sale by
21  Plaintiff.  At no time, however, did Plaintiff ever permit Trendy, or any other person,
22  to use Plaintiff's Subject Design 3 for any other purpose.   Nor did Plaintiff ever
23  transfer, assign or otherwise convey any portion of Plaintiff's copyright in Subject
24  Design 3, to Trendy or any other person.  Subsequently, upon information and belief,
25  Trendy sold its business to J&J, along with its of archive of prints, including but not
26  limited to the electronic design file for Subject Design 3.

27         32.    Following Defendants' access to Subject Design 3, Defendants infringed
28  Plaintiff's copyright to Subject Design 3 by creating, advertising, distributing, offering

COMPLAINT

for sale, and selling certain garments that bear a design that is substantially similar to Subject Design 3 ("Accused Product 3"), without Plaintiff's authorization, throughout the United States, including within this judicial district.

33.   Representative images of Plaintiff's Subject Design 3 and Defendants' Accused Product 3 are depicted below:

| Plaintiff's Subject Design 3 | Defendants' Accused Product 3 |
| --- | --- |
|  Copyright Registration: VA0002165954 | |

34.   Pursuant to 17 U.S.C. § 504(b), Plaintiff is entitled to recover from Defendants (1) Plaintiff's actual damages, and (2) any additional profits of Defendants that are attributable to Defendants' infringements of Subject Design 3.

35.   Plaintiff does not yet know the amounts of actual damages it has suffered, or the amounts of profits that Defendants have realized, which are attributable to Defendants' infringements of Subject Design 3, however, Plaintiff currently believes that such amounts are collectively no less than $150,000.

36.   Additionally, Plaintiff is informed and believes, and thereupon alleges that Defendants infringed Subject Design 3 *after* Plaintiff had registered the copyright to that design.   Accordingly, pursuant to 17 U.S.C. § 504(c), Plaintiff is entitled to

3009.023 / 2684583

1   seek statutory damages for Defendants' infringements of Subject Design 3 in lieu of

2   an award of actual damages and profits.

3       37.     Furthermore, Plaintiff is informed and believes, and thereupon alleges,

4   that Defendants infringed the copyright to Subject Design 3 with actual or

5   constructive knowledge of Plaintiff's rights, such that the infringements were

6   "willful" within the meaning of 17 U.S.C. § 504(c)(2), thereby entitling Plaintiff to

7   seek an award of statutory damages in the sum of $150,000 for Defendants'

8   infringements of Subject Design 3.

9                           **SUBJECT DESIGN 4**

10      38.     Plaintiff is the owner of United States Copyright Registration number

11  VA0002165946 for a certain two-dimensional textile design ("Subject Design 4"),

12  which was registered on July 19, 2019.

13      39.     Plaintiff's copyright registration for Subject Design 4 is valid and

14  subsisting and provides prima facie evidence of Plaintiff's ownership of, and

15  exclusive right to reproduce, distribute, and prepare derivative works based upon,

16  Subject Design 4, pursuant to 17 U.S.C. § 106.

17      40.     Prior to the acts complained of herein, Defendants had access to

18  Plaintiff's Subject Design 4, by reason of Plaintiff providing its electronic design file

19  for Subject Design 4 directly to J&J's predecessor-in-interest, "Trendy."   More

20  specifically, Trendy used to be one of Plaintiff's authorized silk-screen vendors.   In

21  the course of Plaintiff and Trendy's prior business relationship, Plaintiff provided its

22  electronic design file for Subject Design 4 directly to Trendy for the purpose of

23  printing Subject Design 4 onto certain garments that were authorized for sale by

24  Plaintiff.  At no time, however, did Plaintiff ever permit Trendy, or any other person,

25  to use Plaintiff's Subject Design 4 for any other purpose.  Nor did Plaintiff ever

26  transfer, assign or otherwise convey any portion of Plaintiff's copyright in Subject

27  Design 4, to Trendy or any other person.  Subsequently, upon information and belief,

28  Trendy sold its business to J&J, along with its of archive of prints, including but not

limited to the electronic design file for Subject Design 4.

41.    Following Defendants' access to Subject Design 4, Defendants infringed Plaintiff's copyright to Subject Design 4 by creating, advertising, distributing, offering for sale, and selling certain garments that bear a design that is substantially similar to Subject Design 4 ("Accused Product 4"), without Plaintiff's authorization, throughout the United States, including within this judicial district.

42.    Representative images of Plaintiff's Subject Design 4 and Defendants' Accused Product 4 are depicted below:

| Plaintiff's Subject Design 4 | Defendants' Accused Product 4 |
|---|---|
|  Copyright Registration: VA0002165946 |  |

43.    Pursuant to 17 U.S.C. § 504(b), Plaintiff is entitled to recover from Defendants (1) Plaintiff's actual damages, and (2) any additional profits of Defendants that are attributable to Defendants' infringements of Subject Design 4.

44.    Plaintiff does not yet know the amounts of actual damages it has suffered, or the amounts of profits that Defendants have realized, which are attributable to Defendants' infringements of Subject Design 4, however, Plaintiff

3009.023 / 2684583

currently believes that such amounts are collectively no less than $150,000.

45.     Additionally, Plaintiff is informed and believes, and thereupon alleges that Defendants infringed Subject Design 4 after Plaintiff registered the copyright to that design.  Accordingly, pursuant to 17 U.S.C. § 504(c), Plaintiff is entitled to seek statutory damages for Defendants' infringements of Subject Design 4 in lieu of an award of actual damages and profits.

46.     Furthermore, Plaintiff is informed and believes, and thereupon alleges, that Defendants infringed the copyright to Subject Design 4 with actual or constructive knowledge of Plaintiff's rights, such that the infringements were "willful" within the meaning of 17 U.S.C. § 504(c)(2), thereby entitling Plaintiff to seek an award of statutory damages in the sum of $150,000 for Defendants' infringements of Subject Design 4.

## SUBJECT DESIGN 5

47.     Plaintiff is the owner of United States Copyright Registration number VA0002227211 for a certain two-dimensional textile design ("Subject Design 5"), which was registered on October 15, 2020.

48.     Plaintiff's copyright registration for Subject Design 5 is valid and subsisting and provides prima facie evidence of Plaintiff's ownership of, and exclusive right to reproduce, distribute, and prepare derivative works based upon, Subject Design 5, pursuant to 17 U.S.C. § 106.

49.     Prior to the acts complained of herein, Defendants had access to Plaintiff's Subject Design 5, by reason of Plaintiff providing its electronic design file for Subject Design 5 directly to J&J's predecessor-in-interest, "Trendy."   More specifically, Trendy used to be one of Plaintiff's authorized silk-screen vendors.  In the course of Plaintiff and Trendy's prior business relationship, Plaintiff provided its electronic design file for Subject Design 5 directly to Trendy for the purpose of printing Subject Design 5 onto certain garments that were authorized for sale by Plaintiff.  At no time, however, did Plaintiff ever permit Trendy, or any other person,

to use Plaintiff's Subject Design 5 for any other purpose.  Nor did Plaintiff ever transfer, assign or otherwise convey any portion of Plaintiff's copyright in Subject Design 5, to Trendy or any other person.  Subsequently, upon information and belief, Trendy sold its business to J&J, along with its of archive of prints, including but not limited to the electronic design file for Subject Design 5.

50.     Following Defendants' access to Subject Design 5, Defendants infringed Plaintiff's copyright to Subject Design 5 by creating, advertising, distributing, offering for sale, and selling certain garments that bear a design that is substantially similar to Subject Design 3 ("Accused Product 5"), without Plaintiff's authorization, throughout the United States, including within this judicial district.

51.     Representative images of Plaintiff's Subject Design 5 and Defendants' Accused Product 5 are depicted below:

| Plaintiff's Subject Design 5 | Defendants' Accused Product 5 |
|---|---|
|  Copyright Registration: VA0002227211 | |

52.     Pursuant to 17 U.S.C. § 504(b), Plaintiff is entitled to recover from Defendants (1) Plaintiff's actual damages, and (2) any additional profits of Defendants that are attributable to Defendants' infringements of Subject Design 5.

3009.023 / 2684583

53.    Plaintiff does not yet know the amounts of actual damages it has suffered, or the amounts of profits that Defendants have realized, which are attributable to Defendants' infringements of Subject Design 5, however, Plaintiff currently believes that such amounts are collectively no less than $150,000.

54.    Additionally, Plaintiff is informed and believes, and thereupon alleges that Defendants infringed Subject Design 5 after Plaintiff registered the copyright to that design.  Accordingly, pursuant to 17 U.S.C. § 504(c), Plaintiff is entitled to seek statutory damages for Defendants' infringements of Subject Design 5 in lieu of an award of actual damages and profits.

55.    Furthermore, Plaintiff is informed and believes, and thereupon alleges, that Defendants infringed the copyright to Subject Design 5 with actual or constructive knowledge of Plaintiff's rights, such that the infringements were "willful" within the meaning of 17 U.S.C. § 504(c)(2), thereby entitling Plaintiff to seek an award of statutory damages in the sum of $150,000 for Defendants' infringements of Subject Design 5.

## FIRST CLAIM FOR RELIEF

### (Copyright Infringement – Against All Defendants)

56.    Plaintiff repeats, re-alleges and hereby incorporates by reference, as though specifically pleaded herein, the allegations contained in the paragraphs above.

57.    Plaintiff exclusively owns the copyrights, including all exclusive rights set forth in 17 U.S.C. § 106, in and to Subject Design 1, Subject Design 2, Subject Design 3, Subject Design 4 and Subject Design 5 (collectively, the "Subject Designs"), as set forth above.

58.    Defendants had access to each of the Subject Designs prior to and/or contemporaneously with the misconduct alleged herein.

59.    Following Defendants' access to the Subject Designs, Defendants infringed Plaintiff's copyrights to the Subject Designs by creating, advertising, distributing, offering for sale, and selling certain garments that bear designs that are

substantially similar to the Subject Designs, namely Accused Product 1, Accused Product 2, Accused Product 3, Accused Product 4 and Accused Product 5 (collectively, the "Accused Products"), without Plaintiff's authorization, throughout the United States, as set forth above.

60.     Due to Defendants' acts of copyright infringement, Plaintiff has suffered damages in amounts that are not yet known to Plaintiff, but which will be determined according to proof at trial.

61.     Additionally, due to Defendants' acts of copyright infringement, Defendants have also obtained profits they would not otherwise have realized but for their infringements of the Subject Designs, in amounts that are not yet known to Plaintiff, but which will be determined according to proof at trial.

62.     Pursuant to 17 U.S.C. § 504(b), Plaintiff is entitled to recover from Defendants (1) Plaintiff's actual damages, and (2) any additional profits of Defendants that are attributable to Defendants' infringements of the Subject Designs.

63.     Plaintiff does not yet know the amounts of actual damages it has suffered, or the amounts of profits that Defendants have realized, which are attributable to Defendants' infringements of the Subject Designs, however, Plaintiff currently believes that such amounts are collectively no less than $150,000 for each of the five Subject Designs (i.e., no less than $750,000 total).

64.     Additionally, Plaintiff is informed and believes, and thereupon alleges that Defendants infringed each of the Subject Designs after Plaintiff had registered the copyrights to them, respectively.  Accordingly, pursuant to 17 U.S.C. § 504(c), Plaintiff is entitled to seek statutory damages for Defendants' infringements of each of the Subject Designs in lieu of an award of actual damages and profits.

65.     Furthermore, Plaintiff is informed and believes, and thereupon alleges, that Defendants infringed the copyrights to each of the Subject Designs with actual or constructive knowledge of Plaintiff's rights, such that the infringements were "willful" within the meaning of 17 U.S.C. § 504(c)(2), thereby entitling Plaintiff to

3009.023 / 2684583

seek an award of statutory damages in the sum of $150,000 for Defendants'
infringements of each of the five Subject Designs (i.e., $750,000 total).

66.     Defendants' infringing activities have caused, and will continue to cause,
irreparable harm to Plaintiff's reputation and business in an amount that is not
presently ascertainable.  Plaintiff is without an adequate remedy at law to prevent the
wrongful acts and irreparable harm herein set forth above, and Plaintiff's injuries will
continue and increase unless such activities are enjoined by this Court and Defendants
are required to recall and destroy all of the Accused Products.

## PRAYER

**WHEREFORE**, Plaintiff prays for relief against Defendants, as follows:

1.     For a preliminary injunction restraining Defendants and their agents,
servants, employees, and all persons acting under, in concert with, or for them, from
using the Subject Designs or any designs that are substantially similar thereto for any
purpose, including but not limited to, manufacturing, distributing, promoting and/or
selling fabrics and/or garments that infringe Plaintiff's copyrights to the Subject
Designs;

2.     For a permanent injunction restraining Defendants and their agents,
servants, employees, and all persons acting under, in concert with, or for them, from
using the Subject Designs or any designs that are substantially similar thereto for any
purpose, including but not limited to, manufacturing, distributing, promoting and/or
selling fabrics and/or garments that infringe Plaintiff's copyrights to the Subject
Designs;

3.     For an Order directing Defendants to account to Plaintiff for their profits
and any damages sustained by Plaintiff arising from the acts of infringement described
herein;

4.     For recovery of Plaintiff's actual damages plus Defendants' profits
attributable to Defendants' acts of infringement of each of the five Subject Designs as
alleged herein, in an amounts to be determined according to proof at trial (but which

are currently believed to collectively total no less than $750,000), pursuant to 17 U.S.C. § 504(b); or, if elected, maximum statutory damages as available under the Copyright Act (which are believed to collectively total $750,000), pursuant to 17 U.S.C. § 504(c);

5.    For attorneys' fees and costs as a prevailing party pursuant to 17 U.S.C. § 505;

6.    For pre-judgment interest; and

7.    For such further legal and equitable relief as the Court deems just and proper.


Dated:  August 19, 2021                    BRUTZKUS GUBNER


                                           By: /s/ Jeffrey A. Kobulnick
                                              JEFFREY A. KOBULNICK
                                              MARK D. BRUTZKUS
                                              MICHAEL A. BERNET
                                           Attorneys for Plaintiff,
                                           BLUPRINT CLOTHING CORP.

COMPLAINT

3009.023 / 2684583

## **DEMAND FOR JURY TRIAL**

1

2          Plaintiff BLUPRINT CLOTHING CORP. hereby demands a trial by jury for all

3   issues so triable in this action.

4

5   Dated:  August 19, 2021                    BRUTZKUS GUBNER

6

7                                              By: /s/ Jeffrey A. Kobulnick
                                                   _____
8                                                  JEFFREY A. KOBULNICK
                                                   MARK D. BRUTZKUS
                                                   MICHAEL A. BERNET
9
                                               Attorneys for Plaintiff,
10                                             BLUPRINT CLOTHING CORP.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT